UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ROBERT CHARLES BENNETT, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No. | 2:21-CV-081-RLJ-CRW |
| OFFICER HOSS, SGT. KAMPPI, OFFICER HIGGINS. OFFICER DAWES, OFFICER HENSLEY, and SHERIFF GREYBEAL, | ) | | |
| Defendants. | ) | | |

## MEMORANDUM & ORDER

Plaintiff, a Washington County Detention Center inmate, has filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding various incidents during his confinement [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and a motion to compel an order [Doc. 6]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, his motion to compel an order [Doc. 6] will be **DENIED as moot**, and Plaintiff will have thirty days from the date of entry of this order to file an amended complaint.

### I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and his prisoner trust fund account statement [Doc. 5] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Because Plaintiff is a Washington County Detention Center inmate, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Market Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty

percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     MOTION TO COMPEL AN ORDER

In his motion to compel an order [Doc. 6], Plaintiff requests that the Court enter an order compelling Washington County Detention Center officials to provide him with his trust fund account statement and the institutional equivalent [*Id.* at 1–2]. However, Plaintiff filed his certified trust fund account statement and six-month printout of his trust account balance along with this motion [Doc. 5], and, as set forth above, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*. Accordingly, this motion [Doc. 6] will be **DENIED as moot**.

## III.    COMPLAINT SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

2

Case 2:21-cv-00081-RLJ-CRW   Document 8   Filed 09/07/21   Page 2 of 7   PageID #: 23

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

Plaintiff alleges that on February 25, 2021, Defendant Sgt. Kamppi violently assaulted him by hitting him in the jaw, thereby "breaking [P]laintiff's partial plate" [Doc. 2 p. 3–4]. Plaintiff next claims that on February 26, 2021, jail officials moved him to a new housing area, at which point Defendant Officers Hoss, Higgins, and Dawes "violently assaulted" him and then put him in

3

a dry cell under conditions that violated his Eighth Amendment rights until he had healed [*Id.* at 4].

Plaintiff also alleges that unnamed jail officials then put him on maximum security lockdown with two other inmates in unsafe and unconstitutional conditions of confinement without due process or any disciplinary actions, procedures, or administrative hearings, and specifically states that, as a federal inmate/pretrial detainee, he lacked a bed [*Id.*]. Plaintiff states that this was due to Eighth Amendment, due process, and policy and procedure violations by Defendants Hensley and Greybeal [*Id.*].

Plaintiff has sued Sgt. Kamppi, Officer Hoss, Officer Higgins, Officer Dawes, Officer Hensley, and Sheriff Greybeal [*Id.* at 3]. As relief, Plaintiff seeks $200,000 of punitive, compensatory, and nominal damages, trial by jury, appointment of counsel, a right to amend his complaint, injunctive relief, and to sue Defendants in their official and individual capacities [*Id.* at 5].

**C.     Analysis**

First, as to Plaintiff's allegations of excessive force, as a pretrial detainee, Plaintiff may demonstrate that officers subjected him to excessive force in violation of the Fourteenth Amendment by showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98, 400 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

However, Plaintiff does not provide any facts regarding the circumstances under which any Defendant used force against him from which the Court can plausibly infer that the force was "objectively unreasonable" but rather alleges only that Defendants Kamppi, Hoss, Higgins, and

4

Dawes "violently assaulted" him, and that Defendant Kamppi hit him in the jaw. These conclusory allegations do not allow the Court to plausibly infer that these Defendants violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief).

Next, Plaintiff's allegation that his conditions of confinement violated his Eighth Amendment rights and/or were unconstitutional are likewise conclusory and fail to state a plausible claim upon which relief may be granted under § 1983, as Plaintiff does not set forth any facts from which the Court can plausibly infer that any named Defendant was deliberately indifferent to the conditions of his confinement or that those conditions amounted to punishment in violation of the Fourteenth Amendment, as required for him to such a state a claim under § 1983. *Griffith v. Franklin Cty.*, 975 F.3d 554, 568–71 (6th Cir. 2020).

Plaintiff's allegations regarding his placement in certain housing without due process or administrative proceedings likewise fails to allege a constitutional violation. In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court found that a prisoner is entitled to the protections of due process only when a sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because that placement did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005). Nothing in Plaintiff's complaint allows the Court to plausibly infer that the conditions of Plaintiff's confinement in a dry

cell or maximum security imposed an atypical hardship on Plaintiff relative to ordinary prison life, such that he would be entitled to due process protections prior to that placement.

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, as filed. Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) responsible.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

IV.     **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's motion to compel an order [Doc. 6] is **DENIED**;

6. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

7. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

8. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

9. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge