UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROBERT CHARLES BENNETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-CV-081-RLJ-CRW |
| ) | |
| OFFICER HOSS, SGT. KAMPPI, ) | |
| OFFICER HIGGINS, and OFFICER ) | |
| DAWES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner of the Washington County Detention Center, filed this pro se action for violation of 42 U.S.C. § 1983 that is proceeding only as to his claims that in February 2021, Defendants Hoss, Kamppi, Higgins, and Dawes used excessive force against him [Doc. 12 p. 2–4]. Now before the Court is Defendants' motion to dismiss and/or for summary judgment in which they assert that any claims against them in their official capacity fail to state a claim upon which relief may be granted under § 1983 and that Plaintiff failed to exhaust his available administrative remedies for his claims against them in their individual capacities [Doc. 19]. In support of this motion, Defendants filed a memorandum [Doc. 20] and a declaration from Chris Lowe, the Administrator for the Washington County Detention Center at the time of the incidents underlying the amended complaint, among other things [Doc. 19-1 p. 1–4]. Plaintiff did not timely respond to this motion, and he therefore waived any opposition to it. E.D. Tenn. LR 7.1 and 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978).

For the reasons set forth below, Defendants' motion [Doc. 19] will be **GRANTED in part** to the extent that Plaintiff's claims against them in their official capacities will be **DISMISSED**. The Court construes Defendants' motion to seek summary judgment in their favor based on their argument that Plaintiff failed to exhaust his available administrative remedies. Plaintiff shall have twenty-one days from the date of entry of this order to file any relevant evidence to oppose this argument.

I.   OFFICIAL CAPACITY CLAIMS

   A.  Motion to Dismiss Standard

First, it appears that Defendants seek dismissal of any claims against them in their official capacities pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss based on this Rule, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

   B.  Analysis

In seeking to impose liability against Defendants in their official capacities, Plaintiff has actually sued Washington County, the municipality that employs Defendants. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). But Washington County may not be liable under § 1983 merely because it employed

someone who violated Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, to hold this municipality liable under § 1983, Plaintiff must identify a policy or custom of Washington County and show that he incurred his injury due to the execution of that policy or custom. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and quotation marks omitted); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights).

Plaintiff has not set forth any facts from which the Court could infer that a Washington County policy or custom caused any violation of his constitutional rights. Thus, his claims against Defendants in their official capacities will be **DISMISSED**.

## II. EXHAUSTION

As set forth above, Defendants also assert in their motion to dismiss and/or for summary judgment, which they filed prior to filing an answer in this case, that Plaintiff failed to exhaust his administrative remedies for his claims against them in their individual capacities [Doc. 19; Doc. 20 p. 3–5]. To support this assertion, Defendants mainly rely on the declaration of Chris Lowe regarding the applicable grievance procedure and Plaintiff's failure to comply therewith [Doc. 20 p. 3–5].

However, given the early stage of this litigation and Defendants' reliance on Mr. Lowe's declaration, among other things, to support this argument, the Court will provide Plaintiff notice of its intention to treat Defendants' argument that he failed to exhaust his available administrative remedies as seeking summary judgment prior to ruling on the merits of this argument. *See Davis v. Davis*, No. 14-5247, 2015 WL 13187145, at *1–2 (6th Cir. Mar. 25, 2015) (finding that a district

3

court's consideration of the plaintiff's grievance history and an affidavit, among other things, in ruling on a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment where defendants filed the motion before filing an answer, when "[t]he case in its infancy," was improper, and that the district court's consideration of such evidence required the court to treat the motion as one for summary judgment after first giving the plaintiff warning of its intention to do so).

Thus, Plaintiff is **NOTIFIED** that the Court construes Defendants' motion [Doc. 19] to seek summary judgment regarding their argument that Plaintiff failed to exhaust his available administrative remedies. Plaintiff therefore shall have twenty-one days from the date of entry of this order to file any evidence in opposition to this argument.[1]

### III. CONCLUSION

For the reasons set forth above:

1. Defendants' motion to dismiss and/or for summary judgment [Doc. 19] is **GRANTED** in part to the extent that Plaintiff's claims against Defendants in their official capacities are **DISMISSED**;

2. Plaintiff is **NOTIFIED** that the Court construes Defendants' motion [Doc. 19] to seek summary judgment regarding their argument that Plaintiff failed to exhaust his available administrative remedies, and Plaintiff therefore shall have twenty-one days from the date of entry of this order to file any evidence in opposition to this motion; and

---

[1] To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). Such evidence may include affidavits or declarations and must be sworn. Fed. R. Civ. P. 56(c)(4); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements when ruling on a motion for summary judgment).

3. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge