UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| ROBERT CHARLES BENNETT | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 2:21-CV-081-RLJ-CRW |
| | ) | | |
| OFFICER HOSS, SGT. KAMPPI, | ) | | |
| OFFICER HIGGINS, and OFFICER | ) | | |
| DAWES, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM & ORDER**

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On October 20, 2022, the Court entered an order in which it: (1) notified Plaintiff that his two most recent filings were unsigned and therefore do not comply with Rule 11(a) of the Federal Rules of Civil Procedure; (2) directed the Clerk to send Plaintiff copies of these filings; (3) ordered Plaintiff to return signed copies of the filings within thirty days of entry of the order; (4) directed the Clerk to strike Plaintiff's most recent filings [Docs. 29, 30] from the record if he did not timely comply with the order; and (5) notified Plaintiff that failure to timely comply would result in dismissal of this action [Doc. 31 p. 1–2]. Plaintiff has not complied with the Court's October 20 order, and his time for doing so has passed. Accordingly, the Clerk is **DIRECTED** to strike Plaintiff's most recent filings [Docs. 29, 30] from the record. Also, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not

expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, Plaintiff's failure to timely comply with the Court's previous order is due to his willfulness or fault, as it appears that Plaintiff received the order and chose not to comply. As to the second factor, Plaintiff's failure to comply with the Court's previous order has not significantly prejudiced Defendants. As to the third factor, as noted above, the Court previously notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action [*Id.*]. Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff was granted leave to proceed *in forma pauperis* in this action, he has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing

2

Case 2:21-cv-00081-RLJ-CRW   Document 32   Filed 12/08/22   Page 2 of 3   PageID #: 146

about Plaintiff's pro se status prevented him from complying with the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action is **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge